**Law Offices of John C. Colwell State Bar No. 118532**
**Daniel J. Wiedecker State Bar No. 244210**
**Alison M. Jones State Bar No. 259546**
**121 Broadway, Suite 533**
**San Diego CA, 92101**
**(877)-NO-DEBTS** *FAX(619)338-9215* www.debtclinic.com drlc@debtclinic.com
**Attorneys for Debtor(s)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re ) | CASE NO. 10-06988 |
| ) | |
| George Hale III and Lone Hall ) | MOTION FOR ORDER STRIPPING |
| ) | WHOLLY UNSECURED JUNIOR DEED |
| Debtors ) | OF TRUST |
| _____ ) | |

To: To the Honorable Judge of the Above-Entitled Court:

**MOTION AND MEMORANDUM OF POINTS**
**AND AUTHORITIES FOR VALUATION OF DEBTOR'S**
**RESIDENCE AND STRIP OF JUNIOR TRUST DEED**

**I. JURISDICTION**

Jurisdiction is conferred on this Court pursuant to the provisions of 28 USC 1334 in that this proceeding arises from and is related to the above captioned case under Title 11. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 USC 1334 and 28 USC 157(b)(2), respectively. This is a core proceeding. This Court also has jurisdiction pursuant to 28 USC 1331 in light of the Federal Subject Matter of 11 USC 1322. Venue lies in this District pursuant to 28 USC 1391(b). Proceedings to strip wholly unsecured deeds of trust are proper via motion or plan provision. See <u>In re Pereira</u>, (08-03059) Southern District of California 8/28/08; <u>In re Millspaugh,</u> 302 B.R. 90/ 2003 Bankr. LEXIS 1779 (Bankr. D. Idaho 2003).

**II. PARTIES**

George Hale III and Lone Hall ("Movants") are Debtors under Title 11 of the United States Code. National City Bank/PNC Bank, N.A. ("Respondent") is a "creditor" as defined by 11 USC 101(10) and holds a "claim" as defined by 11 USC 101(5) in Movants' Bankruptcy Case. Respondent is the alleged owner and claimant of a junior trust deed on real property at 1411 Welsh Way, Ramona, CA 92065.

**III. FACTS**

The Movants filed for Chapter 13 relief on 4/27/10 and the subject real property listed is valued at $329,000.00. See the filed appraisal submitted in support of this motion, which sets the value of the subject property at $329,000.00.

The Residence is encumbered by a first trust deed in an approximate amount of $341,255.00. Since the claim of the first trust deed exceeds the value of the personal residence and itself is under-secured, Respondents' lien is likewise wholly under-secured in the claimed amount of $227,931.00.

ARGUMENT

The Movants make this motion under F.R. Bankr. P. 3012 which provides: The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct. Pursuant to <u>Zimmer v. PSB Lending Corp</u>. (<u>In re Zimmer</u>), 313 F.3d 1220, (9th Cir. Cal. 2002), a wholly unsecured lienholder is not entitled to the "antimodification" protections of 11 U.S.C. § 1322(b)(2).

11 USC 1322(b)(2) provides in pertinent part that a Chapter 13 Plan may: "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims"

11 USC 506 provides in pertinent part (a) (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest (D) To the extent that a lien secures a claim against the debtor

that is not an allowed secured claim, such lien is stripped. Movants' Chapter 13 Plan provides notice that an action will be filed to strip Respondent's Junior Trust Deed.  Respondent is no longer the holder of a "secured claim," since no claims exist against any value in the Residence after the First Trust Deed's interests. Respondent has no valuable interest whatsoever in the Residence securing the alleged claim.

    The Junior  Deed, for all intents and purposes, is wholly unsecured.

    Respondent is not the "holder of a secured claim" per 11 USC 506(a).

    Respondent's lien secures a claim against the Residence that is not an allowed secured claim.

    Respondent's Junior Trust Deed is stripped pursuant to 11 USC 506(a).

**WHEREFORE,** the Movants respectfully pray for relief as follows:

A. An Order **valuing** the residence at **$329,000.00;**

B. An Order that Respondent's **lien is STRIPPED** per 11 USC 506(a) contingent upon completion of Debtor's Chapter 13 Plan;

C. An Order that if a proof of claim is timely filed by Respondent and allowed, that it is an **unsecured general claim;**

D. An Order that the lien is effectively stripped by virtue of §1322(b)(2); and

E. **Attorney Fees of $450 and Costs per proof,** in connection with this motion, to be paid in the Chapter 13 Plan;

F. Upon completion of the plan and debtor(s) discharge, Respondent shall take all steps necessary and appropriate to reconvey and release the Junior Deed against the home. In the alternative, and upon application by the Debtor(s), the Court will enter an appropriate form of judgment reconveying the lien.

G. Such other and further relief as the Court may deem just and proper.

July 6, 2010

       /S/     John C. Colwell
    Law Offices of John C. Colwell, aPLC
    Attorneys for Debtor(s) by: John C. Colwell